# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-1140 - Ruth Smith v. SunPath, Ltd. |
| **Originating No. & Caption** | 1:22-cv-00081-LMB-WEF - Smith v. SunPath, Ltd. |
| **Originating Court/Agency** | E.D. of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 | |
| Date of entry of order or judgment appealed | January 27, 2023 | |
| Date notice of appeal or petition for review filed | January 31, 2023 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached page. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

The issues that Plaintiff-Appellant intends to present for review are:

(1) Whether the district court erred by failing to grant partial summary judgment to Appellant on Count II of her Complaint for violations of the Virginia Telephone Privacy Protection Act ("VTPPA").
(2) Whether the district court erred by granting summary judgment in favor of Appellee on all claims asserted under the VTPPA.
(3) Whether the district court erred by granting Appellee's motion to strike Plaintiff's declaration filed in support of her motion for partial summary judgment.
(4) Whether the district court erred by granting Appellee's first motion in limine and excluding the testimony of Five9, Inc. and all records produced by Five9, Inc.
(5) Whether the district court erred by granting Appellee's second motion in limine and excluding evidence of Plaintiff's damages.
(6) Whether the district court erred by failing to set a reasonable Rule 16(b) scheduling order.
(7) Whether the district court erred by failing to grant Plaintiff's motion for extension of time to complete discovery.
(8) Whether the district court erred by granting Appellee's motion to strike Plaintiff's motion for class certification.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: SunPath, Ltd. | Adverse Party: SunPath, Ltd. |
|---|---|
| Attorney: Joseph Paul Bowser<br>Address: Roth Jackson Gibbons Condlin, PLC<br>1519 Summit Avenue, Suite 102<br>Richmond, VA 23230 | Attorney: Carl Taylor Smith<br>Address: Roth Jackson Gibbons Condlin, PLC<br>1519 Summit Avenue, Suite 102<br>Richmond, VA 23230 |
| E-mail: jbowser@rothjackson.com | E-mail: tsmith@rothjackson.com |
| Phone: 804-441-8701 | Phone: 804-729-4440 |

**Adverse Parties (continued)**

| Adverse Party: SunPath, Ltd. | Adverse Party: |
|---|---|
| Attorney: Mitchell Neil Roth<br>Address: Roth Jackson Gibbons Condlin, PLC<br>8200 Greensboro Drive, Suite 820<br>McLean, VA 22102 | Attorney:<br>Address: |
| E-mail: mroth@rothjackson.com | E-mail: |
| Phone: 703-485-3536 | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Ruth Smith<br><br>Attorney: Patrick H. Peluso<br>Address: Woodrow & Peluso, LLC<br>　　　　3900 E. Mexico Ave., Suite 300<br>　　　　Denver, CO 80210<br><br>E-mail: ppeluso@woodrowpeluso.com<br><br>Phone: 720-213-0676 | Name: Ruth Smith<br><br>Attorney: Taylor T. Smith<br>Address: Woodrow & Peluso, LLC<br>　　　　3900 E. Mexico Ave., Suite 300<br>　　　　Denver, CO 80210<br><br>E-mail: tsmith@woodrowpeluso.com<br><br>Phone: 720-907-7628 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Patrick H. Peluso　　　　　　　　　**Date:** February 21, 2023

**Counsel for:** Plaintiff/Appellant Ruth Smith

---

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:　　　　　　　　　　　　　　　Date:

## **NATURE OF THE CASE**

Plaintiff-Appellant Ruth Smith ("Smith" or "Appellant") is a Virginia resident who received more than a hundred telemarketing calls soliciting her to purchase Defendant/Appellee SunPath, Ltd.'s ("SunPath" or "Appellee") vehicle service contracts, which were placed by SunPath's third-party marketer Chukran Management Group, LLC d/b/a American Protection Corp. ("American Protection"). As a result, Appellant filed a class action lawsuit alleging violations of the Virginia Telephone Privacy Protection Act ("VTPPA") and the Telephone Consumer Protection Act ("TCPA").

On September 7, 2022, the district court issued its Scheduling Order, which denied Appellant's proposed discovery plan and permitted the parties only three (3) months to complete all merits, class, and expert related discovery. Later, on October 14, 2022, the Court denied a motion to extend the discovery schedule based on difficulties obtaining class related discovery. Together, the rulings deprived Appellant of a meaningful opportunity to develop claims and gather evidence to support her claims. Indeed, the denial resulted in the decision for Appellant to abandon one of her claims. After the close of discovery, Appellant filed a motion for class certification. On December 22, 2022, the Court issued an Order striking Appellant's motion for class certification by holding that the motion was untimely despite never setting any prior deadline to file any motion for class certification.

On January 27, 2023, the district court granted Appellee's motion for summary judgment as well as its first and second motions in limine and a motion to strike while at the same time denying Appellant's motion for partial summary judgment. The district court issued no substantive opinion or order. Rather, the district court granted summary judgment in Appellee's favor "[f]or the reasons stated in open court." Appellants contend the rulings outlined in the preceding two paragraphs were in error and/or in clear error.

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  Ruth Smith v. SunPath, Ltd.
Dist. Ct. No. 1:22-cv-00081-LMB-WEF   District Eastern District of Virginia
Date Notice of Appeal filed   01/31/23   Court of Appeals No. 23-1140
Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Stephanie M. Austin
Address of Reporter United States District Court, 401 Courthouse Square, Alexandria, VA 22314

Appellant must order any necessary transcript within 14 days of noting the appeal by completing a separate transcript order form for each reporter and a single order form for all electronic recordings requested, submitting the orders to the court reporters and the district court, and attaching copies to the docketing statement filed in the court of appeals. The transcript order form should <u>not include</u> requests for transcripts that are on file or are on order. The completed order form must show that necessary financial arrangements have been made. In CJA cases, counsel must certify that AUTH-24 requests have been submitted through the **district court's eVoucher system** for approval by the district judge. Once the transcript has been prepared, counsel also submits the CJA-24 voucher for payment in the district eVoucher system. For assistance, see District eVoucher Contacts for Transcript Authorization and Payment.

In sentencing appeals, a transcript of the sentencing hearing must be ordered. In <u>Anders</u> appeals, plea (or trial) and sentencing transcript must be ordered, along with any necessary hearing transcripts (e.g., suppression hearings). In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page. Co-defendants may obtain paper or electronic copies of prepared transcript from the court reporter, co-counsel, or the district court.

If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so.

Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should obtain full-size transcript from the court reporter, since condensed transcript may not be used in the appendix. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Specific CJA authorization is required for opening and closing statements, voir dire, and instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☑ Pre-Trial Proceedings (specify) | Motion Hearing Transcripts (Dkts. 47, 48, & 91) |
| ☐ Testimony (specify) | |
| ☑ Other (specify) | Summary Judgment Hearing Transcript (Dkts. 103 & 104) |

**TOTAL ESTIMATED PAGES** 92

B. ☐ Expedited transcript completion requested within ☐ 14 days ☐ 7 days ☐ 3 days.

C. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made as follows:
   ☑ Private funds. (Deposit of $_____ enclosed with court reporter's copy. Check No. _____.)
   ☐ CJA AUTH-24 request submitted in district eVoucher system.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   ☑ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 authorization necessary.
   ☐ United States appeal.

D. Transcript is requested in  ☐ paper format   ☑ electronic format

Signature /s/ Taylor T. Smith                Typed Name  Taylor T. Smith
Address  3900 E. Mexico Ave., Suite 300, Denver, Colorado 80210
Email  tsmith@woodrowpeluso.com              Telephone No.  (720) 907-7628
Date Sent to Reporter         02/21/23